IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DANIEL N. GORDON, P.C., an
Oregon corporation,

        Plaintiff,

  v.

MICHAEL R. ARENDS and
GABRIELLA R. ARENDS, husband
and wife and their marital
community,

        Defendants.

Civ. No. 06-6021-AA

OPINION AND ORDER

Aiken, Judge:

    Plaintiff filed suit alleging intentional interference with prospective economic advantage based on defendants' allegedly repeated and harassing calls after plaintiff filed suit to collect a debt. Defendants move to dismiss plaintiff's Complaint for lack of personal jurisdiction. The motion is denied.

1    - OPINION AND ORDER

BACKGROUND

Plaintiff is an Oregon professional corporation and law firm that engages in the business of debt collection. Plaintiff apparently was retained by NCO to collect a Citibank credit card debt from defendant Michael Arends in the amount of $10,306.16. Declaration of Michael Arends (Arends Decl.), Ex. 1.

On November 7, 2005, plaintiff sent Arends a letter demanding payment of the debt amount in full unless Arends responded within thirty days. Arends Decl., Ex. 1.

On December 6, 2005, Michael Arends contacted plaintiff and discussed settlement of the Citibank credit card debt. As reflected in a letter from plaintiff dated December 8, 2005, plaintiff agreed to accept $5,220.00 plus a filing fee of $53.00 as full settlement of Arends' outstanding Citibank credit card debt. Arends Decl., Ex. 2. Arends was required to make a payment of $1,553.00 by the end of business on December 8, 2005, with the remaining payment of $3,720.00 due by the end of business on February 7, 2006.

Defendants allege that they made the first payment of $1,553.00 on December 8, 2005 in accordance with the agreement. Nonetheless, on December 15, 2005, plaintiff, as counsel for Capital One, filed suit in the District Court of Washington, Kitsap County, alleging breach of a credit card contract against defendants. Arends Decl., Ex. 4.

Arends subsequently informed plaintiff that defendants did not possess a Capital One credit card and asked why plaintiff was filing suit in light of their settlement agreement.

On January 6, 2006, plaintiff filed an amended complaint in Kitsap County District Court as counsel for NCO, alleging breach of the Citibank credit card contract and seeking the original debt amount of $10,306.16 plus interest.

Plaintiff alleges that on January 31, 2006, Arends made repeated and harassing telephone calls to plaintiff's office for the purpose of disrupting plaintiff's business and causing plaintiff economic harm. Arends admits that he called plaintiff on January 30, 2006, to discuss the amended complaint filed against him but denies that he made numerous and harassing calls to plaintiff on January 31, 2006.

On February 1, 2006, plaintiff filed this action, alleging a interference with prospective economic relations and seeking economic damages of $39,000 and punitive damages of $100,000.

On February 7, 2006, defendants made the second and final payment of $3,720.00 pursuant to the terms of the settlement agreement with plaintiff. Arends Decl., Ex. 7.

On March 24, 2006, defendants filed an Answer to plaintiff's Complaint filed in this court and asserted several counterclaims against plaintiff. Defendants allege that plaintiff's action in filing suit on behalf of NCO constitutes a breach of their

3    - OPINION AND ORDER

settlement agreement and violates the Washington State Consumer Protection Act by attempting to collect a wholly-satisfied debt. Defendants further allege counterclaims of intentional and negligent misrepresentation and fraud.[1]

### DISCUSSION

In seeking dismissal of plaintiff's claims for lack of personal jurisdiction, defendants emphasize that plaintiff intentionally breached the settlement agreement between the parties by filing suit against defendants without justification and subjecting them to unnecessary litigation expenses.  However, the exercise of personal jurisdiction over defendants must be based on the allegations of the complaint along with the submission of jurisdictional facts that set forth defendants' contacts with this forum.

Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether the forum state's long-arm statute permits the assertion of jurisdiction and whether assertion of personal jurisdiction violates federal due process.  Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives, 103 F.3d 888, 893 (9th Cir. 1996); Chan v. Soc'y of Expeditions,

---

[1] It is arguable that defendants waived any challenge to personal jurisdiction by filing an Answer and asserting counterclaims in this court.  Schnabel v. Lui, 302 F.3d 1023, 1037 n. 5 (9th Cir. 2002) ("[W]hen a party who has appeared only as a defendant, defends and files a counterclaim, objection to personal jurisdiction is waived.").  Regardless, I find jurisdiction appropriate on other grounds.

4    - OPINION AND ORDER

Inc., 39 F.3d 1398, 1404-05 (9th Cir. 1994). Oregon's catch-all jurisdictional rule confers personal jurisdiction coextensive with due process. Or. R. Civ. P. 4L. Thus, the analysis collapses into a single framework and the court proceeds under federal due process standards.

Due process requires that a defendant, if not present in the state, "have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 315 (1945) (internal quotation marks omitted). Minimum contacts can be demonstrated through a prima facie showing of jurisdictional facts supporting either general or specific jurisdiction over the defendant. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984); American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1986).

Plaintiff relies on specific rather than general jurisdiction in asserting that this court has jurisdiction over defendants. Specific jurisdiction applies when the cause of action arises directly from a defendant's contacts with the forum state. See Sher v. Johnson, 911 F.2d 1357, 1361 (1990). The Ninth Circuit employs a three-part test to determine whether the exercise of specific jurisdiction comports with due process. Ballard v. Savage, 65 F.3d 1495 (9th Cir. 1995). First, the defendant must

5    - OPINION AND ORDER

perform some act or consummate some transaction within the forum by which it "purposefully avails" itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of the forum and having "fair warning" that a particular activity may subject it to jurisdiction. Burger King v. Rudzewicz, 471 U.S. 462, 472, 475 (1985). Second, the claim must be one which arises out of or results from the defendant's forum-related activities. Ballard, 65 F.3d at 1498. Third, the court's exercise of jurisdiction must be reasonable. Id.

Defendants maintain that their only contact with Oregon is the telephone contract with plaintiff for settlement of the credit card debt, and that the existence of a contract alone cannot support the exercise of personal jurisdiction over them. In response, plaintiff contends that defendants made hundreds of telephone calls directed at plaintiff in Oregon for the purpose of interfering with plaintiff's business relationships. In other words, plaintiff argues that personal jurisdiction is established through defendants' tortious conduct directed at it in this state.

In cases alleging an intentional tort, the purposeful availment element can be met by the "purposeful direction of a foreign act having effect in the forum state." Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1130 (9th Cir. 2003) (quotation marks and citation omitted); see also Calder v. Jones, 465 U.S. 783 (1984) (articulating "effects" test). "The

6   - OPINION AND ORDER

effects test is satisfied if the defendant (1) commits an intentional act; (2) expressly aimed at the foreign state; (3) causing harm in the foreign state that the defendant knew was likely to be suffered in that state." CE Distribution, LLC v. New Sensor Corp., 380 F.3d 1107, 1111 (9th Cir. 2004); Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1087 (9th Cir. 2000) (the "express aiming" requirement of Calder is met "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state").

Plaintiff alleges and has produced some evidence that defendants knowingly and repeatedly called plaintiff's toll-free telephone for the purposes of harassment. Complaint, p. 2; Supplemental Affidavit of Daniel N. Gordon. Therefore, plaintiff has established a prima facie showing of jurisdictional facts that defendants committed intentional acts directed at Oregon with the knowledge that plaintiff likely would suffer harm.

Further, plaintiff's cause of action arises from defendants' conduct directed at this forum. Thus, personal jurisdiction is appropriate unless defendants "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1322 (9th Cir. 1998) (quotation marks and citation omitted).

Factors relevant in determining the reasonableness of

7   - OPINION AND ORDER

asserting jurisdiction over a nonresident defendant include:

> (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

Id. at 1323. "No one factor is dispositive; a court must balance all seven." Id.

In this case, the parties dispute the extent of defendants' purposeful interjection into Oregon; defendants deny that they made the number of calls alleged by plaintiff. Aside from these alleged actions, defendants have no other identified contacts with this forum. However, I do not find that defendants will suffer a tremendous burden defending themselves in Oregon. Plaintiff has agreed to discovery depositions in Washington state, and travel to this forum from western Washington is not prohibitive. Further, I find that the exercise of jurisdiction over defendants poses no conflict with the sovereignty of Washington State, that this forum has an interest in adjudicating plaintiff's allegations, and that this forum is important to plaintiff's interests in convenient and effective relief. Finally, while an alternative judicial forum exists that could provide a similarly efficient resolution, I do not find that these factors render jurisdiction unreasonable.

///

8    - OPINION AND ORDER

CONCLUSION

Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (doc. 10) is DENIED.

IT IS SO ORDERED.

Dated this  28  day of June, 2006.


                                      /s/ Ann Aiken
                                        Ann Aiken
                              United States District Judge